**FILED**

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEC 0 9 2009

DAVID CREWS, CLERK
By X. Houston
Deputy

COURT FILE NO.: 1:09 CV 296-A-D

| | |
|---|---|
| Elaine Rogers<br>   Plaintiffs,<br>v.<br><br>LTD Financial Services, LP,<br><br>   Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because a substantial part of the acts at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Elaine Rogers is a natural person who resides in the City of Houston, County of Chickasaw, State of Mississippi, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant LTD Financial Services, LP (hereinafter "Defendant LTD") is a collection agency operating from an address of 7322 Southwest Freeway, Suite 1600, Houston, Texas, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Prior to 2006, Plaintiff Elaine Rogers incurred debts, which upon information and belief were associated with Shell and Exxon charge card accounts, which cards were used exclusively for personal, household or financial purposes.

7. Because Plaintiff's Shell and Exxon accounts were used exclusively for personal, family or household purposes, any amounts charged to said accounts are therefore "debts" as that term is defined by 15 U.S.C. § 1692a(5).

8. On or about March 2008, Defendant LTD began making phone calls to Plaintiff Elaine Rogers demanding payment for past due amounts on the above-referenced accounts. These calls have continued, with varying frequency, through the date of the filing of this Complaint.

9. In February 2009, an agent of Defendant who identified herself as Laura Lopez began calling Plaintiff's Mother, Della Rogers, seeking to collect the above-referenced debts of Plaintiff Elaine Rogers. These calls were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Laura Lopez or other agents of Defendant LTD called Plaintiff's mother, Della Rogers, as frequently as once per day, and the calls continued for more than a month.

11. During the course of the collection calls to Plaintiff's mother, agents of Defendant LTD disclosed to Della Rogers private financial information related to Plaintiff Elaine Rogers' account, including but not limited to the fact that Plaintiff Elaine Rogers owed a debt, the amount of the debt, and the fact that the debt was in default.

12. Plaintiff's mother, Della Rogers, repeatedly told Laura Lopez and the other agents of Defendant LTD who called her that Elaine Rogers did not live with her and asked that Defendant LTD stop calling her house.

13. Upon learning that Defendant LTD was harassing her mother, Defendant Elaine Rogers called Defendant LTD and demanded that Laura Lopez and the other agents of Defendant stop harassing her mother, as her finances were not her mother's concern and because the constant collection calls to her mother were causing her mother to become upset and emotional.

14. Despite the demands of Plaintiff Elaine Rogers and Plaintiff's mother, Della Rogers, Defendant LTD and its agents continued to call Della Rogers.

15. At the time Defendant LTD and its agents were making the numerous phone calls to Della Rogers, Defendant LTD was in possession of current and valid contact information for Plaintiff Elaine Rogers, including her address and telephone number.

16. Upon information and belief, the call centers operated by Defendant LTD are located in San Antonio, Texas and Houston, Texas, and all calls made to Plaintiffs were made from within the State of Texas.

### *Summary*

17. The above-described collection activities by Defendant LTD constitute violations of the provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d, 1692 d(5), 1692e and 1692f, among others.

18. Plaintiff Elaine Rogers has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety and emotional distress, as well as suffering from unjustified and abusive invasions of her personal and personal privacy.

### **TRIAL BY JURY**

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7; Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff Elaine Rogers.

22. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II.

### VIOLATION OF CHAPTER 392—TEXAS FINANCIAL CODE

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. In the alternative, without waiving any cause of action stated in this Complaint, Defendant is liable to Plaintiff for violating the provisions of Chapter 392 of the Texas Financial code, including §§ 392.302(2) and §§ 392.302(4), amongst others.

25. As a result of Defendant's violations of Chapter 392 of the Texas Financial Code, Defendant is liable to Plaintiff for actual damages, statutory damages and the reasonable costs of this litigation, including attorney's fees.

## COUNT III.

### VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. In the alternative, without waiving any cause of action stated in this Complaint, Defendant is liable to Plaintiff for violating the provisions of the Texas Deceptive Trade Practices Act.

28. As a result of Defendant's violations of the Texas Deceptive Trade Practices Act, Defendant is liable to each plaintiff for all damages available under the Act, including actual damages, damages for mental anguish, and statutory damages.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for the Plaintiff;

### COUNT II.

### VIOLATION OF CHAPTER 392—TEXAS FINANCIAL CODE

- for an award of actual damages for Plaintiff and against Defendant;

- for an award of statutory damages for Plaintiff and against Defendant;

-5-

- for an award of costs of litigation and reasonable attorney's fees for Plaintiff and against Defendant;

- for such other relief as this Court may deem just and proper.

## COUNT II.

### VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

- for an award of actual damages against Defendant and for Plaintiff;

- for an award of statutory damages for Plaintiff and against Defendant;

- for an award of punitive damages for Plaintiff and against Defendant;

- for an award of costs of litigation and reasonable attorney's fees for Plaintiff and against Defendant.

Respectfully submitted,

Dated: November 27, 2009  **DEAS & DEAS, LLC**

By: **/s/W. Lawrence Deas**
W. Lawrence Deas, Esq.
AL BAR NO. 3989-A43D
P.O. Box 7282
Tupelo, MS 38802
Telephone: (662)842-4546
Facsimile: (662)842-5449
LDeas@AOL.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSISSIPPI )
)
COUNTY OF Chickasaw )

Plaintiff Elaine Rogers, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Elaine Rogers_
ELAINE ROGERS

Subscribed and sworn to before me
this 30th day of November, 2009.

My Commission Expires Jan. 2, 2012

_Sandra N Willis_
Notary Public

Sandra N. Willis
Chickasaw County Circuit Clerk
One Pinson Sq. - Courthouse Room 2
Houston, MS 38851
(662) 456-2331 • Fax: (662) 456-4831